## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

 v.

Sullivan

June 25, 1990

Case No. (Criminal) 6816

By JUDGE THOMAS D. HORNE

The Court denies the Motion to Suppress Evidence filed by the defendant.

It has been determined that a person does not possess a reasonable expectation of privacy in trash left for collection outside his home. *California v. Greenwood*, 486 U.S. 35 (1988). Accordingly, the Fourth Amendment does not extend to police searches of one's discarded refuse. It is less clear, however, whether Officer Becerra's alleged physical trespass a short distance over the defendant's boundary line in order to remove his trash from a closed contained invaded the defendant's expectation of privacy regarding his land, thereby infringing upon the defendant's Fourth Amendment rights. This issue was discussed in *United States v. Kramer*, 711 F.2d 789 (7th Cir. 1983), *cert. denied*, 464 U.S. 962 (1983) (held that search and seizure of drug sales records found in defendant's trash cans did not violate defendant's Fourth Amendment rights and that the records were admissible), which was noted in the *Greenwood* decision. The holding in *Kramer* is dispositive on the instant case.

The Fourth Amendment protects against an invasion of one's reasonable expectation of privacy. This may or

may not involve a physical trespass. *See, Katz v. United States*, 389 U.S. 347 (1967). The analysis of the Court in *Kramer* is instructive of the issue of a reasonable expectation of privacy within the context of the Fourth Amendment. Defendant's expectation of privacy regarding his land is distinct from his expectation regarding his trash. *Kramer*, 711 F.2d at 793. In the instant case, Officer Becerra's alleged trespass invaded the defendant's expectation of privacy regarding his land only if his actions infringed upon an interest the Fourth Amendment is intended to protect. *Id*. The Fourth Amendment protects the defendant's interests in peace and quiet, the ability to relax and retire to a place where he is not subject to public scrutiny, and the ability to maintain the secrecy of his home life. *Id*. Officer Becerra's actions did not infringe upon these interests as he did not threaten the peace and quiet of the defendant's home; he did not prevent defendant from enjoying the use of his yard, and he did not hear or see anything that he would not have been privy to had he not entered onto the defendant's property.

Although the defendant has a possessory interest in his land which would prevent others from using it, this interest is not a privacy interest. *Id*. at 794. Thus, every trespass invades the defendant's right of possession, however, not every trespass violates the Fourth Amendment. *Id*. Based on *Kramer*, the Court finds that, even if the trash cans were placed within the curtilage of the defendant's home, Officer Becerra's actions did not violate the defendant's Fourth Amendment rights.

Mr. Forsyth may draw an Order denying the Motion to Suppress.